Dear Director Clark,
¶ 0 We have received your request for an official Opinion of the Attorney General in which you asked, in effect, the following question:
Does a library system board of trustees have the authority toset a fiscal policy which includes the delegation of authority tothe librarian of the library system to approve payment ofclaims?
¶ 1 Your question refers to library systems created pursuant to65 O.S.Supp. 1996, § 4-101[65-4-101]. This section authorizes counties, cities and towns to "join in creation, development, operation and maintenance of public libraries to serve multicounty systems[.]"65 O.S. Supp. 1996, § 4-101[65-4-101]. Library systems are governed by boards of trustees. 65 O.S. Supp. 1996, § 4-103[65-4-103]. Boards of trustees are granted broad powers to carry out the provisions of the library systems statutes:
 (a) Every system board created by this Code shall have all powers necessary or convenient for the accomplishment of the purpose and provisions hereof, including, in addition to others granted in this article, the following powers:
 (1) To operate and maintain a library system and to adopt such rules and regulations for the operation thereof as may be deemed necessary or expedient.
 (2) To purchase, lease or otherwise acquire land or buildings or portions of buildings for library purposes.
. . . .
 (5) To acquire, by purchase or otherwise, books and other personal property customarily used in the operation of public libraries including necessary motor vehicles.
 (6) To sell or dispose of personal property acquired by purchase or any other means when by proper resolution the board finds that said property is not needed for library purposes.
. . . .
 (9) To administer the expenditure of any funds which may become available for library purposes.
. . . .
 (d) Funds levied and collected pursuant to Article 10, Section 10-A of the Oklahoma Constitution shall be controlled and administered under the direction of the system board.
 (e) Other funds contributed from federal, state, county and city governments, and from any other source shall be deposited in the independent library account following such procedures as may be agreed upon by the contributing agency, the system board, and the Oklahoma Department of Libraries Board.
 (f) Vouchers shall be drawn by such officers or employees as prescribed by the system board.
65 O.S. Supp. 1996, § 4-105[65-4-105].
¶ 2 Boards of trustees have additional authority to hire librarians to perform administrative, executive and supervisory duties:
 The system board shall appoint a librarian of the library system on the basis of merit and experience. Such librarian shall be a graduate of a library school accredited by the American Library Association. The librarian shall be the administrative, executive and supervisory officer of the library and secretary to the system board. The librarian shall serve at the discretion of the system board.
65 O.S.Supp. 1996, § 4-106[65-4-106](a) (emphasis added).
¶ 3 These provisions, taken together, reflect the general administrative authority of a board of trustees regarding library function, which expressly includes the authority to make purchases in the furtherance of the operation of the library. In addition thereto, boards of trustee may hire a librarian, who also may possess "administrative, executive and supervisory" powers. Id. Administrative and executive powers, with which we are concerned for the purpose of the expenditure of library funds, are not defined by the Legislature as to boards of trustees and so we construe them in their ordinary sense. 25O.S. 1991, § 1[25-1]. Administration refers to "the phase of business management that plans, organizes, and controls the activities of an organization for the accomplishment of its objectives in the long run often as distinguished from operative management." Webster's Third New International Dictionary 28 (1993). Executive authority refers to "one who holds a position of administrative or managerial responsibility in a business or other organization." Id. at 794. Both of these words express an intent that the librarian have the authority to manage the business of the operation of a library.
¶ 4 The authority of the librarian in a system library would be rendered ineffective, as a practical matter, were the librarian unable to make ordinary purchases of the nature expressed as necessary or convenient by the board of trustees of the library. Thus, we conclude that the delegation of authority by a board of trustees to a librarian as executive officer of a library is permitted by Section 4-105. The expressed legislative intent reflects that a board of trustees must specify the scope of the delegation of authority and set forth procedures to allow the librarian to draw vouchers. 65 O.S. Supp. 1996, § 4-105[65-4-105](d) and (f).
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
A library system board of trustees has the authority to set afiscal policy which includes the delegation of authority to thelibrarian of the library system to approve payment of claims,provided the board of trustees complies with limitations on thedelegation of authority expressed in 65 O.S. Supp. 1996, §4-105[65-4-105].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL